**JOHN CRETICOS COMPANY, Inc.,**
Plaintiff,

v.

**E. A. McGINNES, District Director, Internal Revenue Service,**
Defendant.

Civ. A. No. 27064.

United States District Court
E. D. Pennsylvania.

June 26, 1961.

Louis B. LeDuc, Camden, N. J., and George P. Williams, Jr., Philadelphia, Pa., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., for defendant.

WELSH, Senior District Judge.

This is a suit for the recovery of Withholding and Federal Insurance Contributions Act taxes for the second, third and fourth quarters of the year 1954.

Responsibility for the payment of said taxes is upon employers and recovery of the taxes in question is sought on the theory that plaintiff was not the employer of certain persons from whose wages the taxes were withheld and that Interstate Painting Contracting Company, Inc., a New Jersey corporation wholly owned by one Theodore J. Nestopoulos, was.

Defendant has filed a motion for summary judgment, contending that the record establishes as a matter of law that plaintiff corporation was the employer.

The record discloses the following facts: On April 14, 1954, Theodore J. Nestopoulos and John Creticos entered into an agreement which provided for the formation of plaintiff corporation for the purpose of conducting the business of painting contractors and which provided further for the sub-contracting and sub-letting to said plaintiff corporation, of thirteen actual painting contracts held by Interstate Painting Contracting Company and/or Nestopoulos and of twenty painting contracts on which the said Interstate Painting Con-tracting Company and/or Nestopoulos had advanced estimates. Subsequent to this agreement, John Creticos Company, Inc. and John Creticos brought an action in the Superior Court of New Jersey, Law Division, Camden County, Docket No. L09110–56, against Theodore J. Nestopoulos and Interstate Painting Contracting Company. The Second Count of said action alleged a breach of the agreement of April 14, 1954. With respect to this Count, the New Jersey Superior Court found that there had been substantial compliance with the agreement, even though there had been no formal sub-contracting or sub-letting of the painting contracts in question, and consequently found that there was no cause of action.

Defendant contends that he is entitled to summary judgment on the ground that implied in the New Jersey Superior Court decision is a finding that plaintiff corporation was the employer of the workmen in question. As we understand it, defendant's line of reasoning is as follows: There was no formal sub-letting or assignment of the painting contracts in question. However, there was no breach of the agreement since there was substantial compliance. Therefore, pursuant to the agreement of April 14, 1954, plaintiff corporation became the employer of the workmen who were engaged to do the work under the painting contracts in question.

The contention, we think, is without merit. It has been seen that the Second Count of the New Jersey State action alleged a breach of the agreement of April 14, 1954. It need only be pointed out that the proof required under such Count is wholly dissimilar to the proof required in the case at bar which seeks a refund of taxes paid under the mistaken belief that plaintiff corporation was the employer of the workmen in question. Undoubtedly, on the Second Count of the New Jersey State action, little, if any, testimony was offered on the issue of whether plaintiff corporation or Nestopoulos and/or Interstate Painting Contracting Company was the employer of

the workmen in question. Therefore, as that issue was not determined in the New Jersey action, plaintiff corporation should be afforded the opportunity to present in this action all the available testimony bearing on the issue.

For the reasons expressed herein, defendant's motion for summary judgment will be denied. It is so ordered.